Gilmore, C. J.
The action in the court of common pleas was brought by Osborn against Kistler, on an instrument of which the following is a copy:
“ Post-Oeeice, Clyde, State oe Ohio,
“ County oe Seneca, Adams Township, Aug. 13,1873.
“ Pour months after date (or before, if made out of the sale of J. C. Kurtz’s Broadcast Seed Sower), I promise tO' pay to J. C. Kurtz or bearer, for value received, one hundred and twelve dollars, negotiable at the First National Bank of Green Springs, with eight per cent, interest after due. And we hereby authorize and empower any attorney at law, at any time after this obligation becomes due, to appear for us before any court of record in the State of Ohio, or elsewhere, and waive the -issue of process, and confess judgment against us and in favor of the payee above-named, or assigns, for the sum due herein, with interest and cost, and thereupon to release all error and waive all right to the second trial or appeal in our behalf.
(Signed) Edward Kistler.” [seal.]
*101 The instrument was obtained fraudulently, and without consideration, from Kistler, by one Gates, the former believing, at the time he executed and delivered it, that it was a contract, in duplicate, appointing him an agent for the ■sale of a patent right. Gates, for a valuable consideration, sold and delivered the instrument to Osborn, at Clyde, Ohio, on the 19th of August, 1873.
On the trial, in the court of common pleas, there was a judgment in favor of Kistler, which, on error, was affirmed in the district court. By this proceeding, the reversal of both judgments is sought.
On the trial, there was a finding of facts, which is made part of the record, from which it appears, “ that immediately behind the signature of the defendant, on said note, is a scrawl seal, impressed with ink on the paper at the time it was printed, it being a printed note with blank spaces; that this note was not indorsed by the payee thereof, nor by any one for him, nor by said Gates, nor any one for him.”
But two of the questions presented on the record will be considered:
Was the instrument sued upon sealed by Kistler before delivering it to Gates ?
Our statute on this subject is as follows: “ That in all cases where a seal is or may be required by law to be affixed to any instrument of writing, and the seal so required is not specific, a seal either of wax, wafer, or of ink, commonly called a scrawl seal, shall be alike valid, and deemed sufficient.” S. & C. 1385.
The instrument sued on is not one that is required by law to be sealed. But it has been long settled, in this state, that a note with a “ scrawl ” seal is a sealed note; and that our law puts the “ scrawl ” upon the same footing as the wax seal. Howe v. Dawson, Tappan, 169; Michenor v. Kinney, Wright, 459. These authorities further •decide that it is not necessary to describe, in a testatum clause, or otherwise, the note as being under seal. They have not been subsequently questioned in this state. In this case the form of the instrument, including a device, con *102 sisting of a bracket with the word seal therein, thus, “ [seal] ”’ was printed with ink, with blank spaces to be filled. After the spaces were filled, the maker signed his name immediately in front of the device above described.
At common law a seal is an impression upon wax or wafer, or some other tenacious substance capable of being impressed. But such a seal has never been in common use in this state. -In executing deeds, mortgages, and other instruments of writing, which are required by law to be sealed, scriveners almost universally use blank forms, with spaces in which the “ scrawl” seal is printed in the manner-above described. To-hold that parties executing such instruments do not adopt such printed devices as their seals,, by signing their names in front of them, would lead to disastrous consequences.
We hold that the device above mentioned is a “ scrawl”' seal, and under our statute has the effect of a common law seal; and that, by affixing his signature in front thereof,, the maker adopted the device as his seal.
Second. Is a sealed note or bill payable to the payee or hearer negotiable by mere delivery ?
At common law a note under seal is not negotiable either by delivery, or indorsement, so as to enable the holder to maintain an action in his own name upon it. Chitt-y on-Bills, *166. If a seal be affixed to a paper .in the ordinary form of a note, its character as such is destroyed; and it is-thereby converted into the deed or bond of the maker, who is then termed the obligor, and the -instrument is not subject to the peculiar doctrines • applicable to mercantile securities. Daniels on Negotiable Instruments, § 32. The-law merchant is confined to “ open,” which means unsealed bills and promissory notes. Ib. § 31. Sealed notes are-not, therefore, within the law merchant. Hence it is clear that the plaintiff in this case can not maintain an action in his own name on the note sued on, under the rules of either the common law or law merchant.
If the note was not sealed, he could maintain an action, on it in his own name. Byington v. Geddings, 2 Ohio, 228.
*103 The note sued being under seal, and payable to bearer,, it -follows that if the plaintiff is entitled to hold the note-in question free from defenses of the obligor or maker, it must be by virtue of the provisions of our statute, which reads as follows:
“ That all bonds, promissory notes, bills of exchange foreign and inland, drawn for any sum of money certain, and made payable to any person or order, or to any person or bearer, or to any person or assigns, shall be negotiable by indorsement thereon, so as absolutely to transfer and vest the property thereof in each and every indorsee successively.” S. & C. 8G2.
It has been held that under this statute, sealed notes payable to order or bearer are assimilated to commercial paper, and that such paper can be negotiated so as absolutely to transfer and vest the property therein in the indorsee, by complying with the statute which requires the transfer or assignment to be made “ by indorsement thereon.”’ Bank of St. Clairsville v. Smith, 5 Ohio, 222; Cushman v. Welch, 19 Ohio St. 222.
In Avery v. Latimer, 14, Ohio, 542, the syllabus is as follows : “ A promissory note, payable to a person or bearer, is negotiable by delivery.” “A sealed bill or note, in the same form, is only negotiable by indorsement.”
And in the opinion by Judge Hitchcock, it is shown that the fact that the note was transferred by delivery for a valuable consideration does not dispense with the necessity of indorsement, as required by the statute. "We approve the law as thus laid down. The mere delivery of the sealed note upon which this suit is brought, did not vest the legal title to the note in the plaintiff, and in the action brought thereon by him, the defendant had a right to set up any valid defense that he had against the note.
The judgment of the district court is affirmed.